DANIEL J. NOYES, RESPONDENT, v. JACOB F. WYCKOFF, APPELLANT.

*Chattel mortgage — a tender of the amount secured thereby, made by one who purchases the chattels subject to the payment of the mortgage, is ineffectual to discharge the lien.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages for the conversion of a quantity of iron ore. The defendant justified the taking under a chattel mortgage given by a former owner, and the plaintiff claimed

under a bill of sale subsequently executed by the mortgagor. The plaintiff claimed that the lien of the mortgage was destroyed by a tender made by him.

With reference to this the court at General Term said: " The conversion rests upon a subsequent tender by the owner of the mortgage equity. Mrs. Fitzgerald gave the mortgage and it was collateral to the note. The plaintiff bought the equity with full knowledge of the mortgage and in express terms subject to it. His tender fails for two reasons : First. The mortgage is a part of the consideration, and the property was taken subject to its payment, although there was no express covenant to pay the mortgage debt in the bill of sale. Second. A stranger to the title cannot make a tender and destroy the lien. A tender leaves the debt. Mrs. Fitzgerald must pay her note if this tender is good. A tender by the owner of the equity is not good as against the interests of the mortgagee. (*Harris* v. *Jex*, 66 Barb., 232.) A chattel or personal mortgage differs in its structure and effect entirely from a mortgage upon real estate. The real estate mortgage is only a lien and conveys no title whatever. The personal mortgage transfers the title at once subject to a defeasance by the performance of the condition annexed. A tender before or after due, by the owner of the equity, would not destroy the lien. There is strictly speaking no lien. There is a transfer of title ; and only by keeping the tender good can the property be held free of the mortgage."

The judgment should be reversed, and a new trial granted, costs to abide event and order of reference vacated.

*William T. Butler*, for the appellant.

*John L. Hill*, for the respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; PRATT, J., dissented.

Judgment reversed, and new trial granted, costs to abide event, order of reference vacated.